THE PURE OIL COMPANY, Respondent, *v.* SARAH ROSENGARTEN, Appellant, Impleaded with WILLIAM J. FITZPATRICK, Defendant.

Second Department, February 29, 1932.

*James A. Turley* [*Boardman Wright* and *Benjamin Margolis* with him on the brief], for the appellant.

*Herbert M. Simon* [*Alfred W. Varian* with him on the brief], for the respondent.

PER CURIAM. The court erred in excluding evidence as to preliminary conversation between the parties as to the terms to be incorporated in the lease. We think the clause of the lease, viz., "The said renewal of five years shall, however, be subject to the right of the lessor, if he should sell the said piece of land, to terminate the same at any time upon ninety days' written notice to the lessee," is ambiguous, and the evidence excluded should have been received to show the true intention.

The judgment should be reversed on the law and a new trial granted, costs to appellant to abide the event.

YOUNG, KAPPER and HAGARTY, JJ., concur; LAZANSKY, P. J., dissents, with opinion, in which CARSWELL, J., concurs.

LAZANSKY, P. J. (dissenting). The renewal provision of the lease is set forth before the provision of tenant's option to purchase. The renewal provision is as follows: " with the right or privilege to the lessee to renew this lease upon the same terms and conditions for and during another period or term of five years." How the tenant was to indicate his intention to renew is not stated. Then follows the clause which gives rise to part of the trouble: " The said renewal of five years shall, however, be subject to the right of the lessor, if he should sell the said piece of land, to terminate the same at any time upon ninety days' written notice to the lessee." Does this mean that the *right* of renewal shall be terminated, or that a renewed *term* shall be terminated, by a ninety days' written notice to the lessee? In my opinion, it may mean either, and if there were nothing else in the case I should say that oral testimony should have been admitted for the purpose of showing what the parties intended. But there is a clause which throws light upon what the parties intended, and that is the option given to the lessee " to purchase the above described premises at any time during the period of this lease or any extension hereof as hereinabove provided for * * *." How the exercise of this option was to be asserted during the term or the renewed term does not appear. If the lessee wished to exercise his option he might do it on the last day of the five-year term. The right to exercise this option had to be anticipated by the owner up to the last minute of the last day of the original term. In other words, the landlord could not sell this land during the original term because the tenant had the option to buy right up to the last minute. When, therefore, it is said that the renewal shall be subject to the right of the lessor, if he should sell the piece of land, to terminate the same at any time upon ninety days' written notice to the lessee, it necessarily meant a sale during the renewed term, for the option of the tenant to buy was always in the way of a sale by the owner during the original term up to the last minute. It is stated that there was a waiver or estoppel of the right to a renewed term during the original period. Even if there had been a waiver of the right to renew, that would not affect the option to purchase. I conclude that the right of the landlord to sell upon giving ninety days' written notice to the lessee applies only to the renewed term. Therefore, if the tenant exercised the option, the tenant was entitled

to a conveyance of the property. The option to buy was to continue during the renewal term, but it, as well as the continuance of the renewal term, was subject to the right of the lessor to sell the land on ninety days' notice. Thus, the option for the renewed term became subordinate to the right to sell, which is not the fact as to the original term, where the option to buy was paramount and continued to the last minute.

The judgment should be affirmed.

CARSWELL, J., concurs.

Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. Findings of fact and conclusions of law inconsistent herewith are reversed. Settle order on notice.